Hear ye, hear ye, hear ye. The United States Court of Appeals for the 11th Circuit is now open according to law. God save the United States and this honorable court. Good morning. We have three appeals to hear this morning and we're glad that we have our live streaming for the audio and video working this morning. We had a bit of technical difficulty yesterday with the video stream and just streamed audio and it's done. We have three appeals to hear this morning. Council, we've read your briefs, the authorities cited in your briefs, at least portions of the record. You have limited time. Feel free to get to the heart of your argument, make the kinds of points that you feel like you really need to make this morning. We're probably going to have some questions. Be mindful of the clock. When it expires, it's time to end. But if you're answering a question from the court, please feel free to finish your answer. If you have rebuttal time, you won't lose that so long as you're answering a question from the court. Judge Legault and I are very pleased to have our He's filling in for Judge Martin, who's about to leave us. We really appreciate his pitching in to help us with our work. It's not the first time he's done that for us. Judge Watkins, former chief judge of the Middle District of Alabama, he's now our senior judge. Senior judges make an invaluable contribution to the federal judiciary. They shoulder about 20% of the workload of the federal courts and they work for free, so we really appreciate when they help us out. We'll start this morning. I'm not sure whether I'm going to pronounce this name correctly, Vachon versus Travelers Home and Marine Insurance Company. Mr. Ryder. Thank you, Your Honor. Good morning. May it please the court, Jack Ryder with Sidney Feldman on behalf of Travelers. Your Honors, as we've set forth in our briefs, insurers like Travelers are facing what has been described by at least one district judge as a paradoxical conundrum based upon the split of authority among district courts and this notion that the ability to remove a case to federal court expires in this context before the bad faith or extra contractual cause of action even exists. And we believe, Your Honors, that this court has jurisdiction to address the issue, which of course I'll talk about, and should conclude that this 30-day deadline to remove the extra contractual bad faith claim does not begin to run until a state court allows leave to amend to pursue such a bad faith claim following resolution of an underlying uninsured motorist case. Let's talk about this. So the Supreme Court has said that an untimely removal is precisely the type of removal defect contemplated by Section 1447C, which would mean that we have no jurisdiction to hear this case. Isn't that right? Your Honor, that is correct. That is a procedural defect. It is not a matter that is reviewable to this court. However, there are established exceptions, which of course we are relying upon, and the primary exception is with the state's substantive law exception. And here, Your Honors, although it's correct that remand orders are generally not reviewable, this substantive law exception where a court bases a decision upon the application of state substantive law. The problem here is this has to depend on state law. The statute of limitation here is a federal law. Well, Your Honor, but here's where I see the distinction. And I understand the court's point, but in the Saxton case, when this court, an en banc, determined that the application of the concept of relation back is a state substantive principle, it's a substantive principle because of the impact it has on the rights of the parties. That case happened to be dealing with a statute of limitations, and that's true. But as I've asserted, as we've conceptually, Your Honor, what we're dealing with here is a statutory bar, a procedural bar to the ability to remove that is rooted within a decision by a district judge that is necessarily based on a substantive application of Florida law. And there's really no alternative way to reach that conclusion. The idea, this fiction that some district courts have engaged in, and as we've made clear, there is this split among the district judges. So there is no clear authority governing how this is to be applied within the context of Florida law. Well, whatever the district courts say wouldn't be the clear authority anyway. We're the ones who make the precedent. Which is why we're here, Your Honor, and we're hoping that this court will take this case and establish precedent. We have the case. We'll establish what the precedent is. I just don't see how you get around the fact that the statute of limitations itself is federal law, and this is a removal defect that forecloses us from exercising jurisdiction. Which is your best case for the proposition that the underlying problem being rooted in the application of state law creates an exception to that. That would be the Aquamar decision, Your Honor. And of course, I would ask that the court evaluate the Aquamar decision read together with the King decision, which talks about the fact that the remand based upon the debt, the one year period expiring is a procedural matter. This isn't a complete bar to recovery as you have in Aquamar. I mean, what happens here is you're remanded to state court, and you continue to litigate. You're not barred from recovery. That is true, Your Honor. That is true. But in Aquamar, I don't believe that Aquamar necessarily established a bar to recovery either. But I'd like to look at the language of Aquamar, Your Honor. Aquamar said that the ruling is substantive for these purposes when it has a conclusive effect upon the state court action. This doesn't have any effect on the state court action. In the event that we remand this, or we dismiss this appeal for lack of jurisdiction, which sends you back to state court, there's no conclusive effect on the state court action. You litigate. Your Honor, that is correct. There's no conclusive effect on the disposition of how the state action will proceed. But the conclusive effect that this court will have if it does not maintain jurisdiction and then decide the issues is it will have a conclusive impact on the ability, I would argue, the right to remove the case to federal court. And if we look at Aquamar, Your Honor. Here's the problem. Congress didn't give you an unlimited right to remove. Agreed, Your Honor. But I believe that in the context where we did remove, we did have the right to remove. And here's why. The district court did not decide that the removal was not provident for lack of jurisdiction. So this is not a circumstance where travelers did not have the jurisdiction to remove. There's no dispute that we would have removed timely. We would have invoked appropriately the federal court jurisdiction in accordance with 28 U.S.C. 1446, but for this one-year period relating back to the inception of the filing multiple years earlier, before the case was even at issue, before the bad faith claim even existed. So, Your Honor, when we look at Aquamar and it talks about the substantive law exception, it says the matter of substantive law exception permits appellate review of a district court remand order only where that order is based on the matter of substantive law. And then it says the matter substantive law exception does not apply when the substantive issue is intrinsic to the district court's decision to remand for lack of subject matter jurisdiction. There's not any effect on your client's substantive rights here? Well, if it goes back, you just litigate in a different form. We would litigate in a different form, Your Honor, but we would be deprived of the ability, the authoritative right. I call it a right. It's not an absolute right, but it is a statutory right that this court has called a right to remove in cases such as Bailey versus Jansen, where the court noted that the applications of principles of common sense and fundamental fairness shouldn't deprive a defendant of the right to remove merely because a case had begun and that defendant was not even served until the period for removal had expired. We are dealing with a very similar situation here. And I, again, recognizing, Your Honor, that this is a limited exception. We believe it falls right into it because the application of state substantive law, other than a matter based on the court's decision that there is a lack of subject matter jurisdiction. Why that matters here, Your Honor, is because as this court explained in the King decision, a remand based upon the expiration of the one year period for removal is not a decision that is based on subject matter jurisdiction. So if we read Aquamar together with King and the fact that the district judges that have applied this authority to remand cases based upon this idea that the one year period expired years earlier, this is a necessarily an application of a state substantive principle of a relation back, as this court explained it in the Saxton case, that that is a state substantive principle and reaching the conclusion that that is then precluding the ability to remove for a procedural defect. And so what's happening, it seems to be the problem for you too is that even if you could persuade us that we have jurisdiction to review the remand order, you would still lose because the one year deadline for removal runs from the commencement of the action. That's what the text of the statute says. And an action means the entire lawsuit, not an individual claim. And so I can address that, this is beyond the year. Your honor, I think there's a very straightforward way of getting past that. I don't believe, first of all, that this distinction between a claim and an action is a distinction that is rooted in the case law or in the language of the amendment adding a bad faith claim. And here's why. If we look at the Fridman decision out of the Florida Supreme Court, where the court described this procedure of amending a case to add a bad faith claim, first of all, the Fridman case calls it an action. So if we look in Fridman, it uses the word action to describe the amendment to add a bad faith cause of action. So the use of claim and action by at least the Florida Supreme Court in the context of describing the amendment to add a bad faith count, I believe is used somewhat interchangeably. And I think the reason for that, your honor, as several district court judges have... Yes, Judge. Insofar as the federal law is concerned, this is a federal statute. What the Florida Supreme Court says about that is really what matters. And in federal law, at least, there is a distinction between an action and the claims within an action. Your honor, I understand that some... Your honor has noted that, and I know that some district judges have noted that, but I would also note that several district courts in assessing the same issue have noted that a bad faith action has to be deemed a new action, a new case. It can't be deemed a claim for two reasons. One, it could be brought as an amendment, but it also could be brought as an independent lawsuit. And the reason is because an underlying uninsured motorist cause of action and a bad faith claim are completely distinct. They're separate causes of action. And in cases, we've cited multiple authorities out of Florida, state courts that say that a bad faith claim does not even exist unless and until an uninsured motorist case goes the distance and has a judgment in excessive policy limits. But I also look at federal cases. And as your honor noted, this is a federal issue. And when we talk about some of these federal cases, for example, in Leahy versus State Farm, District Judge Whittemore denied a motion to remand and noted that it is illogical to require a defendant to remove a case to federal court before the removable claim is actually filed. And in Johnson versus State Court, District Judge Presnell talked about this conflict. And he said that Florida state law, a statutory bad faith claim is grounded upon the legal duty to act in good faith and is the separate and independent of the claim arising from the contractual obligation to perform. For this reason, the bad faith claim is a separate and distinct cause of action that does not even arise until the underlying UM case is included and therefore constitutes a new civil action that resets the removal clock. So there are courts from Florida federal decisions and cases out of the Florida state courts, including the Florida Supreme Court, that have recognized that a bad faith claim is a new independent cause of action. And so there, your honor, I don't believe that the language of claim versus action really applies in this context, because a bad faith case is an independent new case. It didn't even exist at the time that our district judge in this case concluded that the time for removing had expired. Mr. Ryder, if you want to cut into your rebuttal time, you can, but you're not answering any questions from the court and your time has expired. Understood, your honor. I will stand down at this Good morning, your honors. May it please the court. Tracy Gunn for the appellee, Daryl Basham. Your honors, we are asking the court to focus on both the jurisdictional issue and the merits issue. And I'll be brief, but I do want to address what we should only do with the jurisdictional issue, if you're right about that. Exactly, your honor. Yes. And we believe that we are. And I cited as their strongest case for this court exercising jurisdiction. The court there, this court actually did not review the remand order in the Acomar case. This court reviewed in Acomar a dismissal order that was a precursor to the remand order under the Waco doctrine, which is not an issue here. This is, as the court noted, exactly timing is the type of defect that the statutory bar on appellate review was meant to apply to. That's the things remember court and also the Velchez decision from this court, which was a 30 day time limit. And even to the extent there is a substantive law issue buried in there somewhere, this, this idea of relation back, I think was created by travelers after filing the notice of appeal in order to find a substantive law issue to hang their hat on here. But even in the event, there is a substantive issue underlying a determination that there's a procedural defect, the statutory bar and review still applies. So we would ask this court to dismiss the appeal to the extent that this court does address the appeal on the merits. I do find it significant that the entirety of travelers argument depends on this court finding that there's no distinction between an action and a claim. They're also relying upon some, some district court decisions that have been rooted in an earlier understanding of the removal statute that has since been amended and changed. This separate and independent action issue that your adversary raised that was once part of the removal statute, but it no longer is right. It was your honor, it was part of the removal statute in a form prior to 1990 that applied to diversity actions. Separate and independent. It was removed in 2011, but even prior to the removal of the separate and distinct separate and independent claim exception, it applied only to federal question claims. So as the courts that we've cited, and again, most of the authority is district court decisions here because there's no review of a remand order. So this court doesn't have a lot of authority and other circuit courts don't have a lot of authority on it, but the cases have recognized that the, the, if you're hanging your hat on there being a separate and independent claim in a diversity case, that no longer exists after the 1990 and then the 2011 amendment. So these, the three cases that they've cited from the middle district all universally rely on this separate and independent concept. And it's our position that that's an exception that no longer exists. And there is no exception in this one-year period for diversity cases for separate and independent claims, regardless of amendments to subsection C. There's no basis in the removal statute for an exception to the one-year bar. The, the argument that this is a right to removal, I think we've addressed in the brief. It is, again, as this court has recognized to the extent it's a right, it's a statutory right, and it's subject to the requirements of the statute. And those requirements are strictly construed against exercising federal jurisdiction. And they require a removal within one year. And this court, the Florida Supreme court, the legislature have all recognized that this will bar entirely some claims from being removed. Congress can, could change the statute if it wanted to. Congress could change the statute if they wanted to. And at the end of the day, as the district court judge said in the Barroso case, the problem that Travelers has is really with the Florida procedure that allows this separate and independent claim to the extent. Theoretically, you could have an action go to the insurance company, even admits liability under the contract in the UM case and tries to stop the claim from happening. And the courts have said, no, we're going to still retain jurisdiction to allow the amendment to have the bad faith case. So it's not a universal bar, but certainly as a practical matter, that is commonly going to happen. And, and again, there's. And, you know, if the case had been pending for more than a year and a claim and the complaint was amended to add a federal claim for relief, uh, more than a year after the fact that too, would be barred from a review. Wouldn't it? If there was, uh, if they tried to remove that action because of the addition of the federal claim. The one year requirement on its face applies to diversity claims. So I'm not really sure, so let's say you get rid of the non-diverse defendant. Exactly. Exactly. And that that's a very, you're right. And, and the, um, you know, and, and again, both section 1441 a, which tells you what you can remove says you're going to remove any civil action. It's the whole thing. And, and, and the Florida rule 1.0 5 0 says every action is deemed commenced when the complaint is filed. So, so we would suggest to the extent this court's going to address the issue on the merits that you reject the argument that there is no difference between an action and a claim and reject the argument that you have a question. Yes. Uh, uh, Ms. Gunn, are you aware of any other state that has such an amendment provision? I am not your honor. Um, but to be where claims are added, creating federal court jurisdiction after a year and the same result obtained, but I'm not aware of it specifically in bad faith cases, uh, whether it does or doesn't exist. I'm sorry. I can't answer the question. Thank you. If the court has no further questions, I'll conclude by asking the court to dismiss or in the alternative, affirm the remand order. Thank you, Ms. Gunn. We always appreciate time being given back to us. Thank you, Mr. Ryder. You have three minutes. Thank you, your honors. First of all, you know, your, your honor noted that as correct, this case is governed by federal court law and not Florida state law. Um, but what happens here is, is that the, a Florida, uh, what's happening in Florida is basically undermining the ability to remove. And I think it's unfortunately impossible to avoid what is an overlap between what's happening in the state courts through the amendment and then the application of how that amendment relates back. It may be unfortunate, but I think your remedy is with the United States Congress, not with us. Well, your honor, I respectfully disagree. I think this court can provide a remedy and the remedy. If we do, we're going to ignore the text of these statutes, your honor. But that's what the exception in Aquamar allows, not a, not ignoring the text, but recognizing that when there is an application of state substantive law, that does in fact give rise to the ability to this court to engage in the review process. I understand. Is there a case where this court, the 11th circuit has ever, um, determined that it had jurisdiction based on the substantive law exception? Your honor. I don't believe that there's a case that I have found that is as explicit as I would like to have presented to the court on this issue. However, that doesn't mean that this is not the perfect opportunity to create the precedent that I think the middle district and other district judges would appreciate in order to evaluate this issue. And I think this, because what's happening now, and I understand that jurisdiction is the key what's happening now is that the, in the disparate application of this principle is resulting in, um, unfortunately, you know, your, the, your honor talked about the ability to go to trial in one year, but unfortunately that's not necessarily going to happen because even if a case, an underlying uninsured motorist case did go to trial, Congress understood that. I mean, what it, when it made a decision to create a one year statute of limitation, it certainly, surely understood that actions often take more than a year to litigate, but it made a decision that there's a cost benefit analysis, so to speak, that after a year, when the case has been pending in, uh, in the state court system, it, you know, the, the benefit, the costs are going to outweigh the benefits and allowing a removal of that action from the, from the court that has the most familiarity with it and is closer to the end of the litigation. Uh, that, that, but that's a judgment Congress makes not that we may. Well, number one, your honor, I understand, but that's what the state substantive law exception, I believe is intended to address, because this is exactly what we're having here. We're having the application of a state substantive law in order to eliminate a procedural right, statutory right, as it may be to remove that would otherwise exist. And for that reason, your honor, we asked the court. Oh yes, your honor. Um, I think we understand your case, uh, Mr. Ryder. And so, um, we'll take it under submission and, uh, go into our second case. Thank you. Thank you, your honor. Thank you. Thank you. Thank you both.